UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JORGE SANCHEZ-RODRIGUEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5060** |
| **TRAVIS DAY, WARDEN** | **SECTION D (2)** |

## ORDER and REASONS

The Court, having considered *de novo* the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254,[1] the record, including the response by the State,[2] the applicable law, the Report and Recommendation of the United States Magistrate Judge,[3] and the Objections filed by petitioner, Jorge Sanchez-Rodriguez,[4] hereby overrules the objections for the reasons stated below, approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

### I.    PETITIONER'S OBJECTIONS

On September 1, 2023, Petitioner Jorge Sanchez-Rodriguez filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his conviction for sexual battery, La. R.S. 14:43, from Orleans Parish Criminal District Court.[5] On March 12, 2024, following the filing of a response from the State and the filing of the Petitioner's state record, the Magistrate Judge issued a Report and Recommendation to the Court

---

[1] R. Doc. 1.
[2] R. Doc. 7.
[3] R. Doc. 10.
[4] R. Doc. 11.
[5] R. Doc. 1.

recommending that the Petition be dismissed with prejudice and giving the Petitioner fourteen days to file any objections to the Report.[6] Petitioner timely filed his objections the Magistrate Judge's Report and Recommendation.[7] Petitioner's response, while styled as "Objection to Report and Recommendation," restates the same three claims in his Petition for habeas relief: (1) that the DNA evidence introduced at his trial raised doubt as to his guilt or actually proved his innocence; (2) that the state trial court erred in admitting the expert testimony of a witness, nurse Ann Troy; and (3) ineffective assistance of counsel.[8]

Regarding his first objection, while not entirely clear, Petitioner's argument seems to be that there was insufficient evidence to convict him.[9] Petitioner argues that the testimony at trial showed that there was insufficient DNA evidence to make any match. Petitioner then concludes that it was error to allow the test to be introduced as evidence, since there was no match to Petitioner.[10] Petitioner's argument that it was error for the trial court to allow introduction of evidence that there was no DNA match to him is without merit. Putting aside the fact that the testimony Petitioner complains of was that there was insufficient DNA evidence to make a match to Petitioner, the Court notes that questions of the admissibility of evidence under state law are generally not appropriate for habeas review. Petitioner

---

[6] R. Doc. 10.
[7] R. Doc. 11.
[8] *Id.*
[9] *Id.* at pp. 4-7.
[10] *Id.* at p. 6.

has not raised any constitutional violation as a result of the introduction of the DNA evidence of no match, and this Court has not found any constitutional violation.

Petitioner then seemingly objects to the Magistrate Judge's determination following her review of the record that the State presented sufficient evidence to establish beyond a reasonable doubt that Petitioner committed sexual battery.[11] This Court has reviewed the entire state court record, including the trial transcript,[12] and concurs with the Magistrate Judge's analysis regarding the sufficiency of the evidence. A rational trier of fact could have found the essential elements of the crime of sexual battery were proven beyond a reasonable doubt.[13] This Court emphasizes that challenges to witness credibility are inappropriate to be reconsidered by a reviewing court.[14]

Petitioner's second objection is that nurse Ann Troy's expert testimony violated *Daubert v. Merrel Dow Pharmaceuticals, Inc.*[15] Notably, this objection is the same argument made in his Petition.[16] As Petitioner raises no specific objection to the analysis conducted by the Magistrate Judge, and merely restates the claim made in his Petition, this Court adopts the reasons set forth in the Report and Recommendation as to this challenge, as it is not clearly erroneous.[17] The Court notes

---

[11] R. Doc. 10 at p. 24.
[12] R. Doc. 8.
[13] *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
[14] *State v. Thomas*, 08-813 (La. App. 5 Cir. 4/28/09), 13 So.3d 603, 607 ("The credibility of witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. It is not the function of the appellate court to assess credibility or reweigh the evidence.").
[15] 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993).
[16] *Compare* R. Doc. 1-1 at pp. 11-14 *with* R. Doc. 11 at pp. 7-9.
[17] *See,* R. Doc. 10 at pp. 24-27.

that Petitioner's objection as to this witness also includes claims of credibility, which remain appropriate determinations for the jury and not for habeas review.

Finally, Petitioner "objects" to the Magistrate Judge's finding that Petitioner failed to show that his counsel provided ineffective assistance of counsel. Again, Petitioner simply restates the claims he made in his Petition.[18] Following this Court's own review of the entire state court record, the Court agrees with the thorough analysis of this issue by the Magistrate Judge, finding that it is not clearly erroneous or contrary to established law. This Court's review of the record fully supports and adopts that conclusion that Petitioner has failed to meet his burden of proving ineffective assistance of counsel.

Finding that Petitioner's objections to the Magistrate Judge's Report and Recommendation are without merit, the Court **OVERRULES** the objections.

Additionally, Rule 11(a) of the Rules Governing 28 U.S.C. § 2254 proceedings provides that, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."[19] The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve

---

[18] *Compare,* R. Doc. 1-1 at pp. 15-20 *with* R. Doc. 11 at pp. 9-16.
[19] 28 U.S.C. § 2253(c)(2).

encouragement to proceed further.[20]  The Court finds that Jorge Sanchez-Rodriguez's Petition fails to satisfy this standard.  Accordingly, the Court will not issue a certificate of appealability.

## II.  CONCLUSION

**IT IS HEREBY ORDERED** that the Petition of Jorge Sanchez-Rodriguez for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court **DENIES** a certificate of appealability.

New Orleans, Louisiana, April 15, 2024.

**WENDY B. VITTER**
**United States District Judge**

---

[20] *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)) (internal quotation marks omitted).